## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

OCT 13 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ATHENA INNOVATIVE SOLUTIONS, )
INC. (formerly MZM, INC.), )
    1523 New Hampshire Ave., N.W. )
    Washington, DC 20036, )
                          )

              **Plaintiff**

  vs.

FRANK B. BRAGG, JR.,
    349 Broadview Lane
    Annapolis, MD 21401,

              **Defendant.** )

CASE NUMBER 1:05CV02025

JUDGE: John D. Bates

DECK TYPE: Contract

DATE STAMP: 10/13/2005

JURY ACTION

## COMPLAINT

PLAINTIFF, Athena Innovative Solutions, Inc. (formerly MZM, INC.), by

and through the undersigned counsel, presents this complaint against Defendant

Frank B. Bragg, Jr.:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this case pursuant to 28 USC § 1332

(a)(1). The Plaintiff is diverse to Defendant and this action is for damages in excess

of $75,000 exclusive of interest, costs and attorney's fees.

2.    Venue is appropriate in this judicial district under 28 U.S.C. § 1391

(a)(2) because a substantial portion of the acts and omissions giving rise to this

Complaint occurred in the District of Columbia.

## PARTIES

3.     Plaintiff Athena Innovative Solutions, Inc., formerly, and at all times relevant to the matter *subjudice*, MZM, INC., (hereinafter "MZM") is a corporation duly organized and existing under the laws of the State of Delaware, with its principal office and place of business located in Washington, D.C.  MZM is engaged in the business of, among other things, providing products and services addressing national security issues.

4.     Upon information and belief, Defendant Frank B. Bragg, Jr. is a citizen of Annapolis, Maryland. Defendant is a former employee of MZM.

## FACTUAL ALLEGATIONS

5.     On or about July 19, 2002, Defendant entered into an employment agreement with MZM in which Defendant agreed to a five (5) year term of employment, beginning September 1, 2002.   Defendant's original title was "Vice President for Army Programs," and his annual base compensation was $180,000.00. Among other things, the employment contract included a covenant not to compete for three years following the date of termination of the employment agreement.

6.     Over the ensuing years, MZM amended Defendant's employment contract in various ways to account for title changes, promotions, and pay-increase.

7.     On or about July 21, 2004, Defendant executed an ancillary contract in order to receive a bonus that MZM was offering him.  Defendant agreed to accept the $220,000.00 bonus on condition that he return to MZM the pro-rated amount of the

2

bonus if he were to leave MZM, for any reason, prior to completion of his then current (five-year) term of employment.

8.      The agreement provided that the pro-rated amount would be calculated by comparing the number of days remaining in Defendant's employment contract at the time he leaves with the number of days remaining in the contract at the time he executed the agreement that gave him access to the bonus.

9.      Defendant received the bonus in full in his July 2004 paycheck. In the intervening months, Defendant received promotions and significant raises through addenda to his employment contract, but none of the adjustments to the contract contained a provision that in any way altered Defendant's duty to return the portion of his bonus due if he left prior to completion of his contractually designated employment term.

10.      On or about June 24, 2005, Defendant submitted a letter of resignation to Mitchell J. Wade, Chairman of MZM.

11.      On or about July 8, 2005, MZM sent a letter to Defendant that, among other things, demanded return of the pro-rated portion of the July 2004 bonus within ten (10) working days. Using the criteria set forth in the agreement, the amount due was calculated to be Eighty Six Thousand Seven Hundred Thirty Two dollars and Eleven cents ($86,732.11). The letter reiterated Defendant's obligation of confidentiality but released Defendant from the three-year non-competition agreement.

12.      Defendant has not paid MZM the amount owed.

3

## COUNT I

### **BREACH OF CONTRACT**

13.    MZM repeats and re-alleges, and incorporates by reference, each of the allegations contained in Paragraphs 1 through 12.

14.    MZM and Defendant executed a contract in which Defendant agreed to reimburse MZM for the $220,000.00 bonus on a pro-rated basis should Defendant prematurely terminate, for any reason, the employment agreement with MZM.

15.    Defendant breached the contract by resigning thirty-four months prior to the expiration of his employment agreement and failing to reimburse MZM in the amount of Eighty Six Thousand Seven Hundred Thirty Two dollars and Eleven cents ($86,732.11).

## COUNT II

### **UNJUST ENRICHMENT**

16.    MZM re-alleges, and incorporates by reference, each of the allegations contained in Paragraphs 1 through 15.

17.    As a result of Defendant's failure to reimburse MZM with the pro-rated amount of the $220,000.00 bonus, MZM has conferred a benefit upon Defendant worth Eighty Six Thousand Seven Hundred Thirty Two dollars and Eleven cents ($86,732.11).

18.    Defendant had an appreciation and knowledge of the benefit conferred by MZM.

4

19.    Defendant accepted and/or retained the benefits conferred upon it by MZM.

20.    Under the circumstances, it is inequitable for Defendant to retain the benefits conferred upon it by MZM without payment to MZM of the fair value of such benefits.

## COUNT III

## CONVERSION

21.    MZM realleges, and incorporates by reference, each of the allegations contained in Paragraphs 1 through 20.

22.    Defendant exercised unauthorized ownership, dominion and control over MZM's property by failing to reimburse Eighty Six Thousand Seven Hundred Thirty Two dollars and Eleven cents ($86,732.11).

## PRAYER FOR RELIEF

WHEREFORE, MZM demands judgment against Defendant Frank B. Bragg, Jr. in the amount of Eighty Six Thousand Seven Hundred Thirty Two dollars and Eleven cents ($86,732.11), together with interest according to law, the costs of this action, reasonable attorney's fees, expenses of the litigation, and such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues triable in the case captioned above.

Respectfully submitted,
LAW OFFICE OF MARK A. SMITH,
LLC


Mark A. Smith (Bar #: 439116) ✓
Law Office of Mark A. Smith, LLC
1785 Massachusetts Avenue, N.W.
Suite 100
Washington, D.C. 20036
(202) 776-0022
marksmith@masmithlaw.com
Attorney for Plaintiff

Dated: October 13, 2005

6