## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Athena Innovative Solutions, Inc. (formerly MZM, Inc.) | : |
| Plaintiff, | : |
| vs. | Case No. 1:05CV02025 |
| Frank B. Bragg, Jr. | : |
| Defendant. | : |

## ANSWER

Comes now the Defendant, Frank Bragg, Jr., by and through counsel, Cary J. Hansel and the law firm of Joseph Greenwald, & Laake, P.A., and answers the Complaint as follows:

### Affirmative Defenses

The Defendant hereby incorporates by reference all affirmative defenses as if specifically set forth herein whether created by rule, statute, common law or otherwise, and, without limiting the forgoing, further specifically pleads the following:

### First Affirmative Defense

The Complaint and each and every cause of action therein fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred by the applicable statute of limitations.

### Third Affirmative Defense

Plaintiff's claims are barred by the statute of frauds.

### Fourth Affirmative Defense

Plaintiff's claims are barred by waiver.

### Fifth Affirmative Defense

Plaintiff's claims are barred by accord and satisfaction.

### Sixth Affirmative Defense

Plaintiff's claims are barred by settlement.

### Seventh Affirmative Defense

Plaintiff's claims are barred by payment.

### Eighth Affirmative Defense

Plaintiff's claims are barred by release.

### Ninth Affirmative Defense

Plaintiff's claims are barred by impossibility.

### Tenth Affirmative Defense

Plaintiff's claims are barred by the parties' mutual mistake of fact.

### Eleventh Affirmative Defense

Plaintiff's claims are barred by the Plaintiff's own breach of contract.

### Twelfth Affirmative Defense

Plaintiff's claims are barred by the Plaintiff's own failure to perform.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred by lack of consideration and/or insufficient consideration.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of assumption of the risk.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred by Plaintiff's own contributory negligence.

### **Sixteenth Affirmative Defense**

Plaintiff's claims are barred in whole or in part by a failure to mitigate damages.

### **Seventeenth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of *res judicata*.

### **Eighteenth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of collateral estoppel.

### **Nineteenth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of promissory estoppel.

### **Twentieth Affirmative Defense**

Plaintiff's claims are barred by fraud.

### **Twenty First Affirmative Defense**

Plaintiff's claims are barred by the doctrine of unclean hands.

### **Twenty Second Affirmative Defense**

Plaintiff's claims are barred by the doctrine of laches.

### **Twenty Third Affirmative Defense**

Plaintiff's claims are barred by illegality.

### **Twenty Fourth Affirmative Defense**

Plaintiff's claims are barred by Plaintiff's bad faith and tortious misconduct.

### **Twenty Fifth Affirmative Defense**

Plaintiff's claims are barred by oral modifications to the written contract.

### **Twenty Sixth Affirmative Defense**

Plaintiff's claims are barred by equitable estoppel.

### Twenty Seventh Affirmative Defense

Plaintiff has suffered no damages and, even if damages were suffered, any alleged damages incurred by the Plaintiff are the result of the Plaintiff's own wrongful conduct and/or misconduct and/or fraud and/or any such damages are set-off by the amount due and owing to the Defendant by the Plaintiff.

### Negative Averments

The Defendant hereby incorporates by reference all negative averments as if specifically set forth herein whether created by rule, statute, common law or otherwise, and, without limiting the forgoing, further specifically pleads the following:

### First Negative Averment

The averment of the execution of certain written instruments in the Complaint is denied pending review of the alleged documents and further investigation.

### Specific Allegations

1. Defendant admits the allegations contained in paragraph one of the Complaint.

2. Defendant admits the allegations contained paragraph two of the Complaint.

3. Defendant is without sufficient personal knowledge to either admit or deny the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits that he entered into an employment agreement with MZM and adds that the contract speaks for itself as to obligations, rights, duties and entitlements. All other averments in paragraph 5 are specifically denied.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7.      With respect to paragraph 7 of the Complaint, Defendant admits that it entered into a contract with the Defendant and further states that the contract speaks for itself as to obligations, rights, duties and entitlements. All other averments in paragraph 7 are specifically denied.

8.      With respect to paragraph 8 of the Complaint, Defendant admits that it entered into a contract with the Defendant and further states that the contract speaks for itself as to obligations, rights, duties and entitlements. All other averments in paragraph 8 are specifically denied.

9.      Defendant admits that he received a bonus in his July 2004 paycheck but specifically denies the rest the allegations contained in paragraph 9 of the Complaint.

10.     Defendant admits the allegations contained in paragraph 10 of the Complaint.

11.     Defendant admits that he received a letter from MZM on or about July 8, 2005 and further states that the letter speaks for itself with respect to the allegations contained therein. All other averments in paragraph 11 are specifically denied.

12.     Defendant denies the allegations contained in paragraph 12 of the Complaint.

13.     Defendant repeats, reiterates and adopts the foregoing admissions and denials contained in paragraphs 1-12, *supra*.

14.     Defendant admits that it entered into a contract with the Defendant and further states that the contract speaks for itself as to obligations, rights, duties and entitlements. All other averments in paragraph 14 are specifically denied.

15.     Defendant denies the allegations contained in paragraph 15 of the Complaint.

16.     Defendant repeats, reiterates and adopts the foregoing admissions and denials

contained in paragraphs 1-16, *supra*.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant repeats, reiterates and adopts the foregoing admissions and denials contained in paragraphs 1-20, *supra*.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

## **Further Answer**

All averments, counts, allegations and parts thereof in the Complaint not specifically admitted herein are specifically and individually denied.

Furthermore, the Defendant intends to rely upon such other and further defenses, including, but not limited to, affirmative defenses and negative averments, as may become available or apparent during the discovery process, and reserves the right to amend this Answer to assert any such defenses.

Wherefore, the Defendant respectfully requests that this Honorable Court dismiss the Complaint with prejudice and award the Defendant reasonable attorneys fees and the costs of this action.

        Respectfully submitted,

        JOSEPH, GREENWALD, & LAAKE, P.A.

        _____
        Cary J. Hansel (Bar #  14722)
        6404 Ivy Lane, Suite 400
        Greenbelt, Maryland 20770
        (301) 220-2200
        (301) 220-1212 / Facsimile
        Counsel for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of November, 2005, a copy of the foregoing was mailed, first class postage prepaid, to: Mark A. Smith, Esquire, 1785 Massachusetts Avenue, N.W., Suite 100, Washington, D.C. 20036.

        _____
        Cary J. Hansel (Bar #  14722)